IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR., <br><br> Petitioner, <br><br> vs. <br><br> STATE OF MONTANA, <br><br> Respondent. | Cause No. CV 21-26-GF-SPW <br><br><br> ORDER |

This matter comes before the Court on Petitioner Fourstar's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Pet. (Doc. 2) at 1. Fourstar is currently a federal prisoner and is proceeding pro se.

Fourstar moves to proceed in forma pauperis. As the Prison Litigation Reform Act does not apply to habeas actions, *see Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997), the motion will be granted.

Fourstar challenges the validity of a conviction and sentence for sexual intercourse without consent imposed in Montana's Seventeenth Judicial District Court, Valley County, in the early 1990's. The conviction was fully discharged as of December 13, 1997. *See* Presentence Report ¶ 31, *United States v. Fourstar*, No. CR 02-52-GF-DLC; *see also, e.g.*, Order at 2, *State v. Fourstar*, No. DA 13-0658 (Mont. Oct. 30, 2013); Order at 2, *State v. Fourstar*, No. DA 12-0112 (Mont.

1

Aug. 14, 2012).[1]

In 2002, Fourstar was charged and convicted of aggravated sexual abuse in this court, and sentenced to serve 188 months in prison, followed by a five-year term of supervised release. *See* Judgment (Doc. 110) at 2–3, *Fourstar*, No. CR 02-52-GF (D. Mont. Feb. 27, 2003). Last December, United States District Judge Dana L. Christensen found that Fourstar failed to attend substance abuse treatment and revoked his supervised release for a sixth and final time. *See* [Sixth] Judgment on Revocation (Doc. 394) at 1–2, *Fourstar*, No. CR 02-52-GF-DLC (D. Mont. Dec. 10, 2020). Fourstar is currently incarcerated on that judgment.

Fourstar may proceed under 28 U.S.C. § 2254 only if he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). He asserts that his Valley County conviction supports his current federal custody and was connected to previous revocations of his supervised release. He is correct that his obligation and failure to register as a sex offender was acknowledged in the first and fourth revocations of his supervised release. *See* [First] Pet. to Revoke (Doc. 163) at 2–3; [First] Judgment on Revocation (Doc. 207) at 1; [Fourth] Judgment on Revocation (Doc. 305) at 1.

---

[1] A court may take judicial notice of its own records, *see, e.g., Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980), and of state courts' records that are directly related to a federal habeas petition, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011), and "not subject to reasonable dispute," Fed. R. Evid. 201(b).

As Fourstar is aware, his federal conviction obliges him to register as a sex offender, regardless of any conviction in another court. More fundamentally, however, whatever the basis for Fourstar's obligation to register, a registration requirement does not constitute "custody" for purposes of establishing federal habeas corpus jurisdiction under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241. *See Alaska v. Wright*, __ U.S. __, 141 S. Ct. 1467, 1468 (2021) (per curiam) (reaffirming *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam)).

Fourstar *is* in custody on his *federal* conviction. And the Montana conviction was arguably used to enhance Fourstar's federal revocation sentences as well as his original sentence. But he cannot use that fact as a springboard to revive challenges to the validity of his state conviction. "If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)," that generally ends the matter. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001) (internal brackets omitted) (quoting *Daniels v. United States*, 532 U.S. 374, 382 (2001)). Absent some other statutory authority for challenging a prior conviction's validity, *see, e.g.*, 21 U.S.C. § 851(c), (e), the "defendant . . . may not collaterally attack [a] prior conviction" merely because it is used to enhance a subsequent conviction, regardless of whether he attempts to do it through a motion under 28

U.S.C. § 2255, *see Daniels*, 532 U.S. at 382, or a petition under 28 U.S.C. § 2254, *see Coss*, 532 U.S. at 402; *see also Custis v. United States*, 511 U.S. 485, 496–97 (1994).

Fourstar provides no reason to suppose one of the limited exceptions to this broad general rule might apply here. He fails to allege, much less show, that he was unable to afford counsel for his defense in Valley County and the state court failed to appoint counsel. In 2002–2003, the state court's records reflected that Fourstar was represented by counsel. *See* Presentence Report ¶ 31, *Fourstar*, No. CR 02-52-GF-DLC; *Coss*, 532 U.S. at 404–05. Fourstar points to no new evidence proving his innocence. He provides no reason to believe he timely and properly challenged his Valley County conviction but the state courts failed, "without justification," to address his challenge. *See Coss*, 532 U.S. at 405; *see also, e.g.*, Order at 2, *State v. Fourstar*, No. DA 12-0112 (Mont. Aug. 14, 2012). The Court finds no support for an inference that the instant petition is "effectively . . . the first and only forum available for review of the prior conviction." *Id.* at 406.

The Court can only conclude that it lacks jurisdiction over Fourstar's petition for writ of habeas corpus under 28 U.S.C. § 2254 because he is not "in custody pursuant to the judgment of a State court."

To whatever extent Fourstar means to allege the conditions of his current confinement violate federal law, or that his federal conviction or revocation

4

sentences are invalid for some reason other than the alleged invalidity of the Valley County judgment, *see, e.g.*, Supp. (Doc. 4) at 2, he must file a civil action or a habeas petition, *see, e.g.*, *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc), in the jurisdiction where he is incarcerated, *Walden v. Fiore*, 571 U.S. 277, 283–86 (2014); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), or he must pursue his remedies in the federal revocation case through direct appeal or under 28 U.S.C. § 2255, *see, e.g.*, *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Sunal v. Large*, 332 U.S. 174, 178 (1947)); *see also Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246–47 (3d Cir. 2018); *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017). If Fourstar intends to file a motion for compassionate release, he must file it in the criminal case. *See* 18 U.S.C. § 3582(c)(1)(A).

This Court has no jurisdiction to hear Fourstar's allegations in this matter. Transfer to cure want of jurisdiction is not in the interest of justice, *see* 28 U.S.C. § 1631, as no other federal court would have jurisdiction under 28 U.S.C. § 2254. Fourstar is already pursuing his other allegations in the District of Colorado. *See, e.g.*, Aff. (Doc. 1-1) at 1–2; *see also* Order (Doc. 23), *Fourstar v. Bidden* [sic], No. 1:21-cv-414-GPG (D. Colo. Mar. 29, 2021); Am. Pet. (Doc. 21), *Fourstar v. Williams*, No. 21-cv-418-GPG (D. Colo. Apr. 16, 2021).

Finally, as the detention of which Fourstar complains does not, in fact, arise

out of process issued by a state court, *see* 28 U.S.C. § 2253(c)(1)(A), it is not clear whether a certificate of appealability is apposite. If it is apposite, it is unwarranted. The law governing Fourstar's petition under § 2254 is well-established and does not support jurisdiction. If a COA is inapposite, it is nonetheless clear that no good-faith basis for appeal exists. *See* Fed. R. App. P. 24(a)(3)(A), (4).

Accordingly, IT IS ORDERED:

1. Fourstar's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The clerk shall waive payment of the filing fee.

2. The petition (Doc. 1) is DISMISSED for lack of jurisdiction.

3. The clerk is directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability, if apposite, is DENIED. Alternatively, the Court CERTIFIES, if apposite, that any appeal from this disposition would not be taken in good faith.

DATED this 26th day of May, 2021.

Susan P. Watters
United States District Court